**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3880
_____

UNITED STATES OF AMERICA

v.

ANTWAN SHAIRD,
                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00356-001)

District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2013

Before:  SMITH, GARTH, SLOVITER, *Circuit Judges*

(Filed: September 13, 2013)

_____

O P I N I O N

_____

SLOVITER, Circuit Judge.

Antwan Shaird appeals from the sentence imposed following his conviction for possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). For the following reasons, we will affirm the judgment of sentence.[1]

I.

On February 7, 2009, a team of Philadelphia Warrant Officers arrived at a house with an arrest warrant. During the execution of the warrant, Officer Charles Zul observed Shaird throw a black handgun from the kitchen down the basement stairs. Upon searching the basement, Officer Zul found a black handgun. Warrant Officers also discovered marijuana, two digital scales, and a box of sandwich bags in the dining room, adjacent to the kitchen. *See United States v. Shaird*, 463 Fed. App'x 121, 122 (3d Cir. 2012).

The police took Shaird and two other men found in the house into custody. At the police station, a detective questioned Shaird and the other men about the marijuana before they had been given *Miranda* warnings.[2] Shaird admitted that the marijuana belonged to him. The detective then advised Shaird of his *Miranda* rights, and Shaird provided a written statement admitting ownership of the marijuana.

Shaird was indicted on May 26, 2009 on three counts: Count I for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); Count II for

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.
[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count III for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At a suppression hearing, the District Court ruled that Shaird's oral confession was inadmissible under *Miranda* but that his written confession was admissible. *See Shaird*, 463 Fed. App'x at 123. A jury convicted Shaird of all three offenses.

On appeal, this court determined that both confessions were inadmissible but that the District Court's admission of the written confession was harmless with respect to Count III, the felon in possession count. *See Shaird*, 463 Fed. App'x at 125-26. This court reversed the judgment of conviction with respect to Counts I and II and remanded for further proceedings. *See id* at 127.

On remand, the government elected not to retry Shaird on Counts I and II. At sentencing on Count III, the District Court applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) and Application Note 14(B) for possessing a firearm in connection with another felony offense because it determined that the gun Shaird threw down the basement stairs was found in close proximity to the marijuana and drug paraphernalia. It also applied a two-level increase pursuant to U.S.S.G. § 2K2.1(b)(4) because the firearm in question was stolen. These enhancements brought Shaird's base offense level to twenty-six, which, combined with his criminal history category of IV, made his guideline range 92 to 115 months.

The District Court sentenced Shaird to ninety-two months' imprisonment on Count III, to be followed by three years of supervised release. Shaird challenges this

3

ruling and argues that the District Court erroneously applied the four-level enhancement because the gun was not found in close proximity to the marijuana and the drug paraphernalia.

## II.

"We review a district court's legal conclusions regarding the [Sentencing] Guidelines *de novo,* its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." *United States v. Blackmon,* 557 F.3d 113, 118 (3d Cir. 2009) (citations omitted). The four-level enhancement under U.S.S.G § 2K2.1(b)(6)(B) applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). A district court must find by a preponderance of the evidence that the defendant was engaged in a felony. *See West,* 643 F.3d at 110. Under Application Note 14(B), if that felony is drug trafficking, the enhancement applies when a gun "is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1 cmt. n.14(B).

Shaird argues that the District Court erred in applying the four-level enhancement because the firearm was in a separate room from the marijuana and drug paraphernalia when he threw it down the basement stairs. According to Shaird, the government presented no evidence as to how far apart the gun and marijuana actually were, failing to meet its burden of proving close proximity. However, the government showed that the dining room and kitchen were adjacent, and that the marijuana could be seen from the spot where Shaird threw the gun down the basement stairs. Thus, the District Court did

4

not abuse its discretion in determining that the gun was in close proximity to the marijuana and drug paraphernalia as required by the Guidelines.

Second, Shaird argues that even if the gun had been in close proximity to the marijuana and drug paraphernalia, the District Court erred in determining that it was "found" in close proximity because the gun and marijuana were in close proximity for only a short period of time while he was throwing the gun down the basement stairs. U.S.S.G. § 2K2.1 cmt. n.14(B). However, the Guidelines do not provide a minimum time during which the gun and marijuana need to be in close proximity to one another for the enhancement to apply. Furthermore, as the government argues, Shaird was inside the house in possession of the gun before the Warrant Officers entered, so it was reasonable for the District Court to conclude that the gun was in close proximity to the marijuana and drug paraphernalia for some time. Thus, the District Court did not err in determining that the gun was found in close proximity to the marijuana and drug paraphernalia.[3]

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] We note that Shaird has raised concerns about hypotheticals that might extend the applications of sentencing enhancements pursuant to U.S.S.G. § 2K2.1(b)(6)(B) beyond their logical limits. The determination of "close proximity" as spelled out in Application Note 14(B) is a factual one necessarily dependent on the specifics of a given case. Therefore, we do not address Shaird's hypotheticals or announce a rule as to the applicability of U.S.S.G. § 2K2.1(b)(6)(B) to facts other than those presently before us.